**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KRISTINA RUSSO,
    Plaintiff,
v.                                      Case No.:

SALON SALVATORE, LLC, a Florida limited
liability company; DDK LLC a Florida limited
liability company d/b/a STUDIO 200;
DDK LAKELAND, LLC d/b/a STUDIO 200
SALON AND SPA,
    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, KRISTINA RUSSO, by and through her undersigned counsel, sues Defendants, SALON SALVATORE, LLC; DDK LLC dba STUDIO 200/STUDIO 200 SALON; DDK LAKELAND LLC dba STUDIO 200 SALON AND SPA and files this Complaint stating as follows:

**JURISDICTION, VENUE AND THE PARTIES**

1. This is an action for damages brought by Plaintiff against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and 29 U.S.C. §215(a)(3), for failure to pay overtime and minimum wage (federal law), unpaid wages (common law), unpaid minimum wages (Florida Constitution).

2. Venue is proper because the events giving rise to this claim arose in this Judicial District.

3. Plaintiff is an individual who resides in this Judicial District.

4. Defendants are authorized and doing business in this Judicial District.

5. Defendant DDK LLC is a Florida limited liability company that has a principal address of 8075 SW Hwy 200, Ocala, Florida. Defendant DDK LLC does business under the fictitious name, Studio 200 (Florida Reg. # G13000113825) and Studio 200 Salon (Florida Reg.# G1800056983) (DDK LLC dba Studio 200 and Studio 200 Salon are collectively referred to herein as "**DDK Studio 200**"). Upon information and belief, DDK Studio 200 operates and is affiliated with Defendant DDK Lakeland, LLC. True and correct copies of DDK LLC's Articles of Incorporation and both Fictitious Name Filings are attached hereto as **Composite Exhibit 1**.

6. Defendant DDK Lakeland, LLC ("**Studio 200 Lakeland**") is a Florida limited liability company that has a principal address of 3333 Cleveland Heights Bld., Lakeland, Florida. DDK Lakeland, LLC does business under the fictitious name Studio 200 Salon and Spa. True and correct copies of DDK Lakeland, LLC's Articles of Incorporation and Fictitious Name Filing are attached hereto as **Composite Exhibit 2**.

7. Defendant Salon Salvatore, LLC ("Salon Salvatore") is a Florida limited liability company doing business at 3333 Cleveland Heights Blvd., Lakeland, Florida. True and correct copies of Salon Salvatore's Articles of Incorporation and 2018 annual report is attached hereto as **Composite Exhibit 3**.

8. Upon information and belief, Salon Salvatore, DDK Studio 200 and Studio 200 Lakeland operate as a common entity and are a joint enterprise.

**FACTS**

9. At all times material hereto, upon information and belief, Defendants were engaged in commerce within the meaning of Section 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA. Alternatively, Defendants are covered enterprises under the FLSA.

10. Upon information and belief, Defendants Salon Salvatore, DDK Studio 200 and Studio 200 Lakeland constitute a joint enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A) because at all times material hereto the joint enterprise had an annual gross volume of sales of more than $500,000.00.

11. Alternatively, upon information and belief, each of the defendants Lakeland is engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A) because at all times material hereto each defendant had an annual gross volume of sales of more than $500,000.00.

12. Alternatively, upon information and belief, DDK Studio 200 and Studio 200 Lakeland constitute a joint enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A) because at all times material hereto the joint enterprise had an annual gross volume of sales of more than $500,000.00.

13. As part of her regular job duties, Plaintiff routinely handled items moving in the stream of commerce including, salon equipment, cellular and land-line telephones and salon supplies. Each of these items was used by Plaintiff as a tool necessary for doing her job as an employee of Defendants.

14. Plaintiff also regularly and recurrently used instrumentalities of interstate commerce, including both the telephone and Internet, in her work. Thus, Plaintiff is also subject to the individual coverage of the FLSA.

15. At all times material hereto, Plaintiff was an employee of Defendants.

16. At all times material hereto, Defendants were "employers" within the meanings of the FLSA, and under Florida law and common law.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. Plaintiff Kristina Russo ("Russo") was employed by Defendants to work as a salon nail technician from May 2018 through June 2018.

19. Russo was employed by Defendant Salon Salvatore from September 2016 through May 2018 but was misclassified by Salon Salvatore as an independent contractor and exempted from the FLSA's overtime provisions.

20. At various material times hereto, Plaintiff worked for Defendant more than forty (40) hours within a work week.

21. At various material times hereto, Plaintiff worked through break times that, upon information and belief, were automatically deducted from her paycheck.

22. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rates for those hours that Plaintiff worked more than forty (40) hours per week as required by the FLSA.

23. Plaintiff was not paid any additional monies for the overtime work she performed for Defendants. Additionally, Plaintiff was not paid minimum wages for all hours worked by Defendants.

24. Defendants' violation of the FLSA, Florida law, and common law was willful and showed a reckless disregard for the requirements of the law.

25. Plaintiff has been required to retain the undersigned counsel to represent them in this action and are obliged to pay them a reasonable fee for their services.

26. Plaintiff requests a jury trial for all issues so triable.

27. Plaintiffs has satisfied all conditions precedent.

## COUNT I – FLSA MINIMUM WAGE VIOLATION
(ALL DEFENDANTS)

28. Plaintiff re-alleges and re-adopts the allegations of Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. During the statutory period herein, Defendants did not pay Plaintiff the minimum wage as required by the FLSA.

30. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

31. Judgment against Defendants for an amount equal to Plaintiffs' unpaid minimum wages;

(c) Judgment against Defendants that their violation of the FLSA was willful;

(d) An equal amount to the unpaid minimum wages as liquidated damages;

32. To the extent liquidated damages are not awarded, an award of prejudgment interest;

33. A declaration that Defendants' practices as to Plaintiffs were unlawful and grant Plaintiffs equitable relief;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATIONS
(ALL DEFENDANTS)

34. Plaintiff re-alleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint as though fully set forth herein.

35. During the statutory period, Plaintiff worked overtime hours while employed by Defendants and was not compensated for these hours in accordance with the FLSA.

36. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

37. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

(c) Judgment against Defendants that their violations of the FLSA were willful;

(d) An equal amount to the overtime damages as liquidated damages;

38. To the extent liquidated damages are not awarded, an award of prejudgment interest;

39. A declaration that Defendants practices as to Plaintiffs were unlawful and grant Plaintiffs equitable relief;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

### COUNT III – UNPAID WAGES UNDER COMMON LAW
(ALL DEFENDANTS)

40. Plaintiff re-alleges and readopts the allegations of paragraph 1 through 27 as though fully set forth herein.

41. During the time period set out above, Plaintiff worked for Defendants and Defendants agreed to pay Plaintiff for Plaintiffs' services.

42. Defendants failed and refused to compensate Plaintiff all wages owed to Plaintiff.

43. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

b) All costs and attorney's fees incurred in prosecuting these claims, pursuant to Fla. Stat. §448.08; and

c) For such further relief as the Court deems just and equitable.

### COUNT IV– UNPAID MINIMUM WAGES (FLORIDA CONSTITUTION)
(ALL DEFENDANTS)

44. Plaintiff re-alleges and readopts the allegations of paragraph 1 through 27 as though fully set forth herein.

45. During the time period set out above, Plaintiff worked for Defendants and Defendants agreed to pay Plaintiff for Plaintiff's services.

46. Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff was and is entitled to be paid minimum wage for each hour worked during her employment.

47. Defendants failed to pay Plaintiff minimum wages for one or more weeks of work in violation of the Article X, Section 24, of the Florida Constitution.

48. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demand:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid minimum wages;

b) All costs and attorney's fees incurred in prosecuting these claims, pursuant to Fla. Stat. §448.08; and

c) For such further relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated January 4, 2019.                    Respectfully submitted,

S. MOORE LAW, PLLC
Suzette M. Marteny Moore
FBN 668591
S.Moore@SMooreLaw.com
paralegal2@SMooreLaw.com
4720 Cleveland Heights Blvd. #201
Lakeland, FL 33813
863-229-2140 (T)
863-808-0586 (F)

FULGENCIO LAW, PLLC
Felipe Fulgencio
FBN: 95961
felipe@fulgenciolaw.com
105 S. Edison Ave.
Tampa FL 33606
813-463-0123 (T)
813-670-1288 (F)
*Attorneys for Plaintiff*