UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTINA RUSSO,   CASE NO.: 8:19-cv-00024-MSS-JSS

    Plaintiff,

vs.

SALON SALVATORE, LLC, a Florida limited
liability company; DDK LLC, a Florida limited
liability company d/b/a STUDIO 200;
DDK LAKELAND, LLC d/b/a STUDIO 200
SALON AND SPA,

    Defendants.
_____/

### DEFENDANT'S, SALON SALVATORE, LLC, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

DEFENDANT, SALON SALVATORE, LLC ("Defendant" or "Salon Salvatore"), hereby files and serves its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Jury Trial. The paragraphs below within the Answer are in response to the same paragraphs contained in the Complaint:

#### Answer to Plaintiff's Complaint

1. Admitted for jurisdictional purposes. Otherwise, denied.

2. Admitted for venue purposes. Otherwise, denied.

3. Without knowledge, therefore denied.

4. Admitted in part and denied in part. Defendant Salon Salvatore sold the business at issue in May 2018.

5. Admitted (so long as the last word in the allegation is replaced with "loan"; there appears to be a typo in allegation number 5).

6. Without knowledge, therefore denied.

7. Admitted in part and denied in part. Defendant Salon Salvatore sold the business at issue in May 2018.

8. Denied.

9. Denied.

10. Denied.

11. Without knowledge, therefore denied. Alternatively, Defendant moves to strike this allegation as vague and ambiguous.

12. Without knowledge, therefore denied.

13. Denied, and Defendant requires strict proof thereof.

14. Denied, and Defendant requires strict proof thereof.

15. Denied.

16. Denied.

17. Denied. Further, Defendant moves to strike this allegation as vague and ambiguous.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied. This allegation assumes facts. Neither Plaintiff nor Defendant were ever subject to the FLSA.

24. Denied.

25. Without knowledge, therefore denied.

26. This is a jury trial demand and not an allegation, and thus it requires no response from Defendant.

27. Without knowledge, therefore denied.\

28. Defendant re-alleges the answers of Paragraphs 1 through 27 as if fully set forth herein.

29. Denied. This allegation assumes facts. Neither Plaintiff nor Defendant were ever subject to the FLSA.

30. Denied.

31. This is not an allegation but a part of Plaintiff's "WHEREFORE" clause, thus it requires no response from Defendant.

32. This is not an allegation but a part of Plaintiff's "WHEREFORE" clause, thus it requires no response from Defendant.

33. This is not an allegation but a part of Plaintiff's "WHEREFORE" clause, thus it requires no response from Defendant.

34. Defendant re-alleges the answers of Paragraphs 1 through 27 as if fully set forth herein.

35. Denied. This allegation assumes facts. Neither Plaintiff nor Defendant were ever subject to the FLSA.

36. Denied.

37. This is not an allegation but a part of Plaintiff's "WHEREFORE" clause, thus it requires no response from Defendant.

38. This is not an allegation but a part of Plaintiff's "WHEREFORE" clause, thus it requires no response from Defendant.

39. This is not an allegation but a part of Plaintiff's "WHEREFORE" clause, thus it requires no response from Defendant.

40. Defendant re-alleges the answers of Paragraphs 1 through 27 as if fully set forth herein.

41. Admitted in part and denied in part. Plaintiff worked as an independent contractor at Defendant's business through May 2018. Plaintiff received all agreed upon portions of her monies received from her own clients.

42. Denied.

43. Denied.

44. Defendant re-alleges the answers of Paragraphs 1 through 27 as if fully set forth herein.

45. Denied. Further, this state law minimum wage claim is pre-empted by federal law.

46. Denied. Further, this state law minimum wage claim is pre-empted by federal law.

47. Denied. Further, this state law minimum wage claim is pre-empted by federal law.

48. Denied. Further, this state law minimum wage claim is pre-empted by federal law.

Furthermore, Defendant denies all WHEREFORE clauses contained in Plaintiff's Complaint.

## Affirmative Defenses to Plaintiff's Complaint

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et see. ("FLSA").

3. At all times material, Plaintiff was an independent contractor of Defendant and not subject to the FLSA or Florida minimum wage laws. Plaintiff, *inter alia*, made her own schedule, worked the hours she desired, had her own clients, performed her work in the precise manner she desired without control from Defendant, and executed an independent contractor contract with Defendant.

4. Defendant did not gross more than $500,000 annually in revenue, and thus is not subject to FLSA enterprise coverage.

5. Defendant is not a "joint employer" for purposes of the FLSA and thus not subject to it.

6. Plaintiff was not engaged in commerce as defined by the FLSA and federal law, and thus is not entitled to individual coverage under the FLSA. Plaintiff never traveled outside Florida to perform work in connection with her independent contractor relationship with Defendant, her act of performing nail salon work at Salon Salvatore was purely an intrastate activity, and nothing that Plaintiff did in connection with her independent contractor relationship with Defendant affected interstate commerce in any way whatsoever.

7. Plaintiff is barred from her FLSA claims given that she cannot even meet the threshold element of being entitled to FLSA coverage under either enterprise coverage or individual coverage. Neither coverage exists under the circumstances, and thus Plaintiff's claims are barred.

8. Plaintiff's state law minimum wage claim is pre-empted by federal law.

9. At all times, Defendant acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

10. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

11. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

12. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Florida and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendant under the Constitution of the United States and/or the laws of the State of Florida.

13. Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

14. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

15. Plaintiff has failed to mitigate her alleged damages.

16.  Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

Defendant hereby reserves its right to amend its Affirmative Defenses as new information and/or discovery is revealed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed via the CM/ECF e-filing portal to: Suzette M. Marteny Moore, Esq., S. Moore Law, PLLC, 4720 Cleveland Heights Blvd., #201, Lakeland, FL 33813, co-counsel for Plaintiff, and Felipe Fulgencio, Esq., Fulgencio Law, PLLC, 105 S. Edison Ave., Tampa, FL 33606, co-counsel for Plaintiff, on this 6th day of February 2019.

By: _____
S. BRAXTON WIGGS
Florida Bar No. 20198
1133 Stoney Creek Blvd.
Lakeland, Florida 33811
Telephone: (863) 712-9701
Email: braxtonwiggs@gmail.com